# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8722 | **DATE** | 12/19/2011 |
| **CASE TITLE** | Scott D. Nelson (2011-0719067) vs. Sergeant Ludezmo, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion for leave to proceed *in forma pauperis* [3], is granted. The Court authorizes and orders Cook County Jail officials to deduct $2.75 from Plaintiff's account, and to continue making monthly deductions in accordance with this order. The Clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The Clerk shall issue summonses for service on Defendants Ludezmo and Canada and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve Defendants Sergeant Ludezmo and Officer Canada. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. Defendant Tom Dart is dismissed from this case.

■[ For further details see text below.]                                                           Docketing to mail notices.

# STATEMENT

Pro se Plaintiff Scott D. Nelson, a detainee at the Cook County Jail, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are Plaintiff's motion for leave to proceed *in forma pauperis* [3] and complaint for an initial review. [1].

Plaintiff's motion for leave to proceed *in forma pauperis* [3] is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $2.75. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at Plaintiff's place of confinement is directed to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to another correctional facility.

The Court next turns to its initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A. Plaintiff alleges that he suffers from a spinal cord injury due to a fracture of the twelfth thoracic vertebrae ("T-12") in the lower portion of his back. According to his complaint, on September 6, 2011, Plaintiff was transported from Division Five of the Cook County Jail to the Circuit Court of Cook County Courthouse in Skokie, Illinois for a hearing. Because of his preexisting injury, Plaintiff believes that he should have been taken down a wheelchair ramp when

leaving the Jail. However, Plaintiff alleges that Defendant Officer Canada and his partner were in a rush and decided to take Plaintiff down the stairs in his wheel chair. Plaintiff claims that this was done pursuant to instructions from Defendant Sergeant Ludezmo. Officer Canada and his partner lost control of the wheelchair and Plaintiff fell down the stairs, resulting in great pain and injury.

Plaintiff alleges that he then asked Officer Canada and his partner to take him to the emergency room. They refused, instead putting him in the transport van, and taking him to his court appearance in Skokie. He received x-rays once he returned to the Jail. Plaintiff has named Officer Canada, Sergeant Ludezmo and Cook County Sheriff Tom Dart as defendants but has not named Officer Canada's partner.

Plaintiff may proceed with a claim against Defendants Officer Canada and Sergeant Ludezmo for unnecessary and wanton infliction of pain caused by Plaintiff's transport and fall down the Jail stairs. *Hope v. Pelzer*, 536 U.S. 730, 737 (2002); *Hudson v. McMillian*, 503 U.S. 1, 5 (1992); *Whitley v. Albers*, 475 U.S. 312, 319 (1986). The Court notes that Plaintiff has alleged that Sergeant Ludezmo, although a supervisor, personally participated in the incident by instructing Officer Canada to take the stairs. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009) ("[A] plaintiff must plead that each government official defendant, through the official's own individual actions, has violated the Constitution."). However, Sheriff Dart is dismissed because he was not personally involved with the incident. *Id*. Plaintiff may also proceed with a deliberate indifference claim against defendant Officer Canada for ignoring Plaintiff's repeated requests for medical care. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Grieveson v. Anderson*, 538 F.3d 763, 779 (7th Cir. 2008) (citations omitted) ("A delay in the provision of medical treatment for painful conditions — even non-life-threatening conditions — can support a deliberate-indifference claim.")).

Two additional points regarding the complaint. The Court notes that the alleged event occurred only a few months ago raising the question of whether Plaintiff has exhausted his claims via the internal grievance process as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [S]ection 1983 of this [T]itle, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 84 (2006); *Dole v. Chandler*, 438 F.3d 804, 808 (7th Cir. 2006). A detainee is required to utilize a jail grievance system before filing a Section 1983 suit so that the jail officials are made aware of alleged ongoing issues and have an opportunity to take corrective action to remedy the problem. *Porter v. Nussle*, 534 U.S. 516, 524-25 (2002); *Dole*, 438 F.3d at 809; *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999).

A "prison official's failure to respond to a prisoner's claim can render administrative remedies unavailable." *Brengettcy v. Horton*, 423 F.3d 674, 682 (7th Cir. 2005) (citing *Lewis v. Washington*, 300 F.3d 829, 835 (7th Cir. 2002)). A detainee fails to properly exhaust via the grievance procedure when he does not take a necessary step, including any necessary appeal, but he is not held accountable when he follows the proper procedures and it is the prison that mishandles the grievance. *Dole*, 438 F.3d at 811. "Prison officials may not take unfair advantage of the exhaustion requirement," "and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Id*. at 809 (citing *Lewis*, 300 F.3d at 833; *Dale v. Lappin*, 376 F.3d 652, 656 (7th Cir. 2004)).

Exhaustion is an affirmative defense that need not be addressed by the plaintiff on the face of the complaint, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and should only be raised at this initial stage when the elements of the affirmative defense are clear from the face of the complaint. *Best v. City of Portland*, 554 F.3d 698, 700 (7th Cir. 2009). Here, the exhaustion defense is not clear from the face of the complaint as Plaintiff asserts that his

grievances have been ignored. The Court will leave it to Defendants to investigate the exhaustion defense further if they desire.

The other point is Plaintiff's use of the word "negligence" in his complaint. The Court makes clear that it is allowing Plaintiff to proceed with his claims under the relevant deliberate indifference standard as an allegation of negligence does not state a claim for relief. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). The Court is forgiving of Plaintiff's use of the word negligence due to its obligation to liberally construe Plaintiff's pro se complaint. *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam). Plaintiff's allegations state claims for relief as explained above and the improper use of the word negligence should not scuttle his case.

The Clerk shall issue summonses for service on Defendants Sergeant Ludezmo and Officer Canada and send Plaintiff a Magistrate Judge Consent Form and Instructions for Submitting Documents. The United States Marshals Service is appointed to serve Defendants. Any service forms necessary for Plaintiff to complete will be sent by the Marshal as appropriate to serve Defendants with process. Defendant Tom Dart is dismissed from this case. The U.S. Marshal is directed to make all reasonable efforts to serve Defendants. With respect to any former Cook County employees who no longer can be found at the work address provided by Plaintiff, Cook County shall furnish the Marshal with Defendants' last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. Plaintiff is to provide the U.S. Marshals Service with a copy of the complaint and a proper form for request of waiver pursuant to Federal Rule of Civil Procedure 4(d)(1). The U.S. Marshals Service is requested to mail the complaint and appropriate papers for waiver of service by first-class mail to the named Defendants pursuant to Rule 4(d)(1)(G).

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. Plaintiff must provide the Court with the original plus a complete Judge's copy, including any exhibits, of every document filed. In addition, Plaintiff must send an exact copy of any court filing to Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants]. Every document filed with the Court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the Judge or that otherwise fails to comply with these instructions may be disregarded by the Court or returned to Plaintiff.